Good morning, Your Honor. Jason Carr appearing on behalf of Kam Ming Chin Appellant. I'd like to reserve two minutes of my time for rebuttal, if I may. Sure. And keep track of the time on that timer there, all right? Yes, Your Honor. This case is essentially about a standard. It's about what was formerly the Rule 32e standard, which has now moved to 11d2b. That standard states that a defendant should be allowed to withdraw his plea if he can proffer any fair and just reason. I would submit to this Court that Mr. Chin did submit to the District Court three fair and just reasons for withdrawing his plea, and that is that he submitted an affidavit of new – put forth new factual evidence of innocence, that he put forth a detailed declaration of innocence, and that he alleged that his counsel is ineffective, and what's more, that his counsel coerced him into pleading guilty. Well, assuming those would be fair and just reasons, it's so in this case, only if the District Court believed him, and District Court said, I don't believe him, right? That's a good point, Your Honor, in that we have to show that the Court abuses discretion. I would submit that the Court did it. Well, on the finding, it's clear error, isn't it? On credibility. It is, Your Honor. It's clear error if the District Court did not make an error of law. The Court abuses its discretion if it makes a clear error of law or if it makes a clearly erroneous factual finding. I would submit that the Court made an error of law here when it made credibility determinations and made determinations of fact without holding an evidentiary hearing. You didn't ask for one, did you? Your Honor, that was not – it wasn't me as trial counsel, Your Honor. No, they didn't specifically ask for an evidentiary hearing. Well, they didn't ask for it, specifically or nonspecifically. They didn't ask for it. Right, Your Honor. I would submit, though, that the declarations that my client made, the factual assertions that he made, were of the nature that could only be satisfied by an evidentiary hearing. Therefore, the declaration was pregnant with the request. Well, but, you know, he made certain representations in a declaration. But on the other hand, you know, he spoke up in open court at the plea hearing. He testified even, right? He testified in a trial. The district court judge had the full opportunity to observe him. And he said, I don't believe the story, you know, that he was coerced, that the lawyer kicked him under the table or whatever. You don't – I mean, you have to make the case that the record is not sufficient for him to make that kind of finding, right? Right, Your Honor. And that's a key aspect of this case, because a lot of the cases that speak of the fair and just reason talk about if a defendant makes solemn declarations under a Rule 11 canvas, that the court is entitled to credit that. The interesting angle or wrinkle we have in this case is what my client says on EOR 74, when he says that during the change of plea canvas, when he tried to speak up, that his lawyer stepped hardly on his foot. Now, Your Honor, we don't know if that really happened, because there was never any particular factual finding. Did he have new counsel when he requested the change of plea? He did. Well, why – I mean, if he didn't – if he wanted to prove it, do you think it would be so easy to say, please give me an evidentiary hearing? Yeah, Your Honor, and I agree with that. If you look at what happened at the August 24th hearing, clients' new counsel – Chin's new counsel did not serve the government with the motion to withdraw the plea, and they didn't submit it to the court until that day. There was a lot of problems with the way his new counsel handled this matter below. And it's not at all – I can't take any umbrage with the court's decision to deny the motion given those circumstances, given counsel's actions to newly retain counsel. But, you know, if this had been – if he'd filed the motion in a timely manner and made the proper assertions, this could have came out differently. So in a way, we have two levels here of ineffective assistance of counsel. Now, another key – another key aspect to this case that I would point the court to is EOR 79. And there we see that Mr. Chin submitted an affidavit from a – one of his charged co-conspirators, which puts forth some evidence that this individual might have testified on his behalf that there had been a new trial. He states – the co-conspirator states in there that, I am sure that Mr. Chin is innocent and did not implicate in the crime – in crime scene 6. So, Your Honor, that's a new allegation of innocence. A new factual support for innocence that was not available at the time of trial and may not have been – But the judge saw Mr. Chin testify. And he made extensive findings about whether or not Mr. Chin was innocent. I mean, even if you take his – put aside voluntariness and coercion, just look straight at the actual innocence. He made a finding that he was not actually innocent on the merits, based on trial testimony, which seems to be, you know, just as good as having had an evidentiary hearing. Right, Your Honor. And I see – but this – that's another interesting aspect of this case, is we have the client entering a plea at the third and last day of trial, then later trying to withdraw it. So the judge had the opportunity to view the trial testimony. So that presents the interesting legal question for this Court. Is it appropriate for the district court to make credibility determinations as to the client's testimony and the weight and strength of the evidence? Now, I understand that the district court stated that it believed the evidence against my client was strong. But if you look at the Ninth – my client pled guilty to conspiracy. If you look at the jury instruction, the Ninth Circuit jury instruction, it does say that one who has no knowledge of a conspiracy but happens to act in a way which furthers some object or purpose of the conspiracy, that that person does not thereby become a co-conspirator. So if you look carefully at the district court's rulings, which began on page 96 through 97, he doesn't really seem to state – he doesn't really – the court doesn't really seem to look at that particular aspect of the mens rea requirement, requirement of a conspiracy. Also, that specific instruction which could have been given to the jury does fit very well within the client's declaration. That is essentially his defense here, that he's an innocent, naive dupe who was manipulated by these individuals into committing some criminal wrong that he didn't know was occurring. He says over and over again he makes many factual assertions of innocence. Now, I understand he pled guilty, but if you look at the factual basis for that in the change of plea canvas, what he says is essentially that he was willfully ignorant of what happened. And I would submit that the deliberate ignorance instruction that would have been – that could have been given would only show that he acted knowingly. But to be in a conspiracy, you have to do it with the specific intent to advance the object. So there is some divergence here between the law and the district court's findings. This standard is supposed to be applied liberally. It's supposed to be applied freely. And I would ask the Court here to at least remand this case for factual findings as to whether or not counsel was ineffective or whether or not counsel stepped on my client's foot during the change of plea canvas. Usually, ineffective assistance of counsel claims do require an evidentiary hearing, and that did not occur in this case. And with that, I'll let the government say their piece. So he could bring an action after he was in prison to bring up the ineffective assistance claim, couldn't he? He could bring a 2255. He might have some waiver arguments here, a lot of case arguments, problems with doing that. He's not in custody. Is he on supervised release? He's not on supervised release. Yes, he has been released from custody. He was charged with remand every time, right? Thank you. Okay. Good morning, Your Honors. Margaret Stanish on behalf of Appelli from the U.S. Attorney's Office, District of Nevada. Your Honors, I have very little to add beyond what is submitted in my brief, but I do want to address one point that Mr. Carr made, and that is whether it was appropriate for the district court judge to make a credibility assessment based on the evidence presented at trial and as well as at the Rule 11. It is fundamental that the district court, in evaluating the motion to withdraw the guilty plea, must make a determination as to whether a fair and just reason exists. And I would submit, Your Honors, that in doing so, the district court must, of course, look to the Rule 11 canvas and all the evidence presented before the court, before the time of sentencing, in order to make that determination. In this case, Your Honor, it was clear, as the district court made in its findings, that the external forces that compelled the motion or that compelled the guilty plea was the weight of the evidence against the defendant. And to expect the district court to ignore what happened chronologically in this case is simply incorrect. What about the statement in the declaration that, well, apparently the defendant was about to say something and he claims his attorney stomped him on his foot? Your Honor, as the district court found, I believe the district court even said in its ruling denying the rule, the motion to withdraw, that he observed the defendant and his counsel during the trial as well as the Rule 11 canvas and found no evidence of coercion and found only that the attorney was professional throughout both proceedings. There was no obvious indication to the court during the Rule 11 canvas that Mr. Chin was acting under duress. In fact, he was acting on good advice of his counsel, with the weight of the evidence being against him, especially after his testimony. Well, it would have been a cleaner record if he held an evidentiary hearing now. I agree, Your Honor, but the burden was on the defendant. And in my opinion, he made the election to submit his case on affidavit only. He did not call the attorney to testify in support of the motion. And it was clear that he was basically had a change of heart. If there's nothing further, I submit it. All right. Thank you, Ms. Dan. All right. Mr. Butler. Your Honor, there's not much to rebut here, but I will note regarding the failure for request of an evidentiary hearing that if you look at the beginning of the August 24th hearing, the judge tells defense counsel right off the bat that I'm going to deny this motion. So it would have been futile for him to try to go against what the judge clearly stated. No, I mean, you know, I don't know about Nevada, but in California, certainly, you know, judges always quite often give what they call tentative rulings. They say, well, you know, this doesn't look too good. I'll probably deny it. And then it just gives you a chance to argue against. But he heard argument after that, didn't he? He did, Your Honor. But it was fair. If you look at the beginning of that hearing, it's pretty elusive that the judge did not want to deal with that motion. He wanted to proceed the sentencing, and that was his intent. I'm not taking any umbrage of that, but it makes it more understandable why counsel did not ask for an evidentiary hearing at that juncture. He didn't get an affidavit from the lawyer. He said step on his foot. Is that right? No, Your Honor. No, he didn't, Your Honor. It was just his definition. You didn't say what would happen if there was an evidentiary hearing. The chances are very strong the lawyer would deny that, and then the judge would have to decide who was telling the truth, and the judge was already not very convinced of the client's credibility. Possible, but unknown. Possible, but very probable. What the scenario would be. I don't know if Mr. Lippau stepped on my client's foot, and there's no factual finding in this record. One thing that I would like to say, though, that a lot of cases that hold that the district court does not abuse its discretion in denying a motion to withdraw the plea focus on the fact that the defendant knew when he put in his motion that he'd be facing a heavy sentence. In this case, my client was only facing an 8- to 14-month sentence, and he had a credible argument when he went into sentencing to get it down to probation, which was denied. But we do not have that factor here, and I see that my time is up if there are any questions. Thank you. Okay, Mr. Carr and Ms. Sands, we thank you both for your arguments. This case, then, is submitted for decision.
judges: Noonan, Tashima, Wardlaw